NORTHERN BATTERY SERVICE COMPANY v. MIKE TSCHIDA.[1]

December 21, 1923.

No. 23,636.

**Verdict sustained.**
1. Verdict on conflicting evidence will not be set aside, it having been confirmed by trial court.

**Authority to contract for storage of truck.**
2. "Night man" at garage *held* not to have implied or apparent authority to bind his employer by contract for protracted storage of a motor truck.

Action in the municipal court of St. Paul to recover $245.65 for storage charges on defendant's truck. The case was tried before Finehout, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.
*Drill & Drill,* for respondent.

STONE, J.
Appeal from an order denying a new trial after verdict for plaintiff in an action to recover for the storage of a motor truck. Plaintiff claims that there was no agreement fixing the storage charge and sues for the reasonable value, which he puts at $25 per month. The verdict sustained that claim. Defendant, on the other hand, contended that there was an express agreement, made with the "night man" at plaintiff's garage, that the storage would be $10 per month. He duly tendered payment at that rate. The "night man" was one Donlin. His testimony disagrees with that of defendant. The resulting issue of fact was for the jury. The evi-

[1]Reported in 196 N. W. 482.

dence would support a verdict either way and, therefore, we cannot interfere with the result which has been confirmed by the trial court.

The question is presented as to whether Donlin had implied or apparent authority to make the agreement claimed by defendant for storage at $10 per month. That question was submitted to the jury and their verdict cannot be interfered with, unless we can dispose of the question as a matter of law. That we cannot do. Certainly it cannot be laid down as a rule of law—and, in order to hold for defendant on this question, we would have to go that far—that the ordinary "night man" in charge of a public garage has either implied or apparent authority to bind his employer by such a contract as is claimed in this case.

The usual functions of such an employe, whatever he may be called, are not such as to make applicable the rule applying where an agent is left in the exclusive charge of a place of business under circumstances which raise a presumption that he has authority to transact the ordinary business of the place. It cannot be presumed that Donlin had authority to make a contract for the protracted storage of defendant's truck. His situation was not such as to shift from defendant the burden of proof as to his authority as plaintiff's agent, and there is nothing in the evidence to give defendant the advantage of an apparent, as distinguished from an implied, authority on the one hand, or an actual authority on the other.

Order affirmed.